## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MOIRSCHE SIBLEY (#M-21315), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 18-cv-02085 |
| v. | ) | |
| | ) | Judge Andrea R. Wood |
| COOK COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff's application for leave to proceed *in forma pauperis* [3] is denied without prejudice. If Plaintiff wishes to pursue this litigation, by 6/15/2018, he must: (1) pay the full statutory filing fee of $400 or submit a renewed application for leave to proceed *in forma pauperis* that (a) is certified by trust fund officers at all facilities where he was incarcerated for the six months prior to submission of his complaint and (b) attaches copies of his trust fund statements showing activity in his accounts at those facilities for any portion of the six month look-back period; and (2) submit an amended complaint using the Court's form, along with a completed USM-285 (Marshals service) form for each Defendant named in the amended complaint. If Plaintiff fails to comply by 6/15/2018, the Court will summarily dismiss this case. The Clerk is directed to send Plaintiff an application for leave to proceed *in forma pauperis*, an amended complaint form, a blank USM-285 form and instructions, and a copy of this order. Plaintiff's request for attorney representation [4] is denied without prejudice.

## STATEMENT

Plaintiff Moirsche Sibley, a state prisoner, brings this civil rights complaint pursuant to 42 U.S.C. § 1983 raising numerous claims. Plaintiff's motion for leave to proceed *in forma pauperis*, his complaint (which is subject to screening under 28 U.S.C. § 1915A), and his motion for attorney representation are before the Court.

## I.

The Prison Litigation Reform Act ("PLRA") requires all inmates to pay the full filing fee for each action they bring. *See* 28 U.S.C. § 1915(b)(1). If an inmate cannot pay the full fee in advance, he may seek leave to proceed *in forma pauperis* so he can obtain permission to pay with monthly deductions from his prison trust fund account. An inmate seeking leave to proceed *in forma pauperis* must obtain a certificate from a prison official stating the amount of money the inmate has on deposit in his prison trust fund account. In addition, to enable the Court to assess an initial partial filing fee, the inmate must also "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately

preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). The Court uses the information in the trust fund account statement to calculate and assess "an initial partial filing fee of 20 percent of the greater of—(A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account." 28 U.S.C. § 1915(b)(1). After payment of that fee, the inmate must "make monthly payments of 20 percent of the preceding month's income credited to [his] account," which is forwarded by the agency having custody of the prisoner each time the account balance exceeds $10. 28 U.S.C. § 1915(b)(2).

In this District, an inmate may meet these requirements by submitting an application for leave to proceed *in forma pauperis* along with a certified trust fund account statement for the correct period. The inmate must fill out the first three pages and sign and date the top portion of the fourth page of the application. The inmate also must have an appropriate prison official complete and sign the "Certification" portion of the application on the fourth page; that official also must provide a copy of the "trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2).

Here, the Court lacks the information necessary to assess Plaintiff's finances and, if appropriate, calculate an initial partial filing fee, as Plaintiff did not include six months of financial information. In addition, although he obtained a trust fund certification, the certification is dated March 13, 2018 but attaches trust fund information that ends on December 27, 2017. Thus, Plaintiff's application for leave to proceed *in forma pauperis* is denied without prejudice because it is incomplete and stale. If Plaintiff wishes to proceed with this case, he must submit a signed and fully completed application for leave to proceed *in forma pauperis* using the Court's form that includes a certification from an authorized correctional official and a corresponding trust fund account statement for *each* facility where he was incarcerated during the six-month lookback period (approximately September 16, 2017 through March 16, 2018). Alternatively, Plaintiff may pay the full statutory filing fee of $400. If Plaintiff does not comply by the date specified above, this case will be summarily dismissed.

The Court also notes that Plaintiff's complaint fails to provide a complete and accurate list of his prior cases and their dispositions. Plaintiff used the Court's form complaint, which explicitly required him to "List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States." Plaintiff listed one case, *Sibley v. Dart*, Case No. 17 C 6298 (N.D. Ill.) (Dow, J.). He did not disclose a second case, *Sibley v. Sheriff of Kankakee County*, Case No. 17 C 2237 (C.D. Ill.) (Bruce, J.). Plaintiff is admonished that the Court's form requires him to list all pending and former cases, which should include the cases listed above and any other state or federal cases that he has filed. He is placed on notice that any failure to disclose his complete and full litigation history in any future complaints may lead to sanctions, up to and including dismissal. *See Hoskins v. Dart*, 633 F.3d 541, 543-44 (7th Cir. 2011) (affirming dismissal for failure of inmate plaintiff to fully divulge his litigation history). With that said, the Court turns to the allegations in Plaintiff's complaint.

## II.

Under 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the Court is required to screen *pro se* prisoners' complaints and to dismiss any complaint, or claim therein, if the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Jones v. Bock*, 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Courts screen prisoner claims applying the same standard as for motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). A Rule 12(b)(6) motion challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Under federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013). Courts also construe *pro se* complaints liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

Plaintiff's complaint is wide-ranging. He has sued state prosecutors, numerous Markham police detectives and Cook County deputy sheriffs, Cook County Sheriff Thomas Dart, the City of Markham, the Markham Police Department, and Cook County. He appears to be attempting to assert claims based on his arrest, purported malicious prosecution, allegedly false testimony offered during his underlying state court criminal proceedings, and unspecified withheld or "wrongfully collected" evidence. (Dkt. No. 1 at 6-8.) He also asserts that he was "assaulted multiple times" at the Cook County Jail, Markham police violated his rights prior to trial, he has been wrongfully separated from his family and "business partners," he was deprived of his ability to capitalize on his career as an "up and coming rapper, producer, movie script writer, actor, and director with several projects including an album, several videos, and a[n] independent film," he was wrongfully convicted, and he is being wrongfully detained. (Id. at 8-10.)

Even if this case were to move beyond the filing-fee stage, Plaintiff's complaint cannot proceed as it is currently drafted. First, the summary of Plaintiff's allegations that the Court has provided is based on an extremely generous interpretation of his complaint, which largely consists of legal terms grouped into sentences. Under the Federal Rules of Civil Procedure, complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the Court must construe *pro se* pleadings generously, complaints prepared by uncounseled inmates must, at a minimum, be comprehensible. *See, e.g., Fender v. Peters*, No. 4:14-CV-024, 2016 WL 1222247, at *4 (N.D. Ind. Mar. 29, 2016) (collecting cases); *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (noting that "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, ***might*** suggest that something has happened to her that ***might***

3

be redressed by the law") (emphasis in original). Plaintiff's complaint does not meet this undemanding standard, as it is conclusory and does not contain any discernable factual underpinning.

Second, a plaintiff may not bring unrelated claims against unrelated defendants in a single complaint accompanied by a single filing fee. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). As the Seventh Circuit has explained:

> A party asserting a claim to relief . . . may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party. Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits.

*Id*. This rule means that "[a] litigant cannot throw all of his grievances . . . into one stewpot." *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). That is what Plaintiff is attempting to do, given the sweeping and divergent nature of his allegations. For example, claims about his arrest, trial, and events that allegedly occurred when he was detained at the Cook County Jail are all unrelated claims against unrelated defendants or groups of defendants. Plaintiff must limit himself to a claim or claims that can be properly raised in one lawsuit; he should refrain from adding allegations about other events.

Third, Plaintiff is advised that § 1983 creates a cause of action based on personal liability and predicated on fault. So to be held liable, an individual must have caused or participated in a constitutional deprivation. *Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012); *Pepper v. Vill. of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). Moreover, there is no *respondeat superior* (*i.e.*, supervisory) liability under § 1983. *See Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). Thus, Plaintiff may not proceed against Cook County Sheriff Thomas Dart based solely on Dart's supervisory position. If Plaintiff wishes to proceed with this case, he must carefully consider who to name as a Defendant, and identify—to the best of his ability—the purported constitutional wrongs he wishes to challenge and the individuals who were allegedly responsible (that is, he must identify the individuals who allegedly wronged him and provide a basic description about what they specifically did or did not do). He may not proceed with vague claims that are not tied to specific individuals.

Relatedly, under § 1983 a governmental entity "cannot be held liable solely because it employs a tortfeasor." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690-91 (1978). Accordingly, Plaintiff's claim against Cook County is dismissed. Finally, the Markham Police Department is dismissed because it does not enjoy a legal existence independent of the City and therefore is not a suable entity (*i.e.*, it is not the kind of entity that may be held liable in a federal civil rights lawsuit). *See, e.g.*, *Casimir v. City of Chicago*, 2017 WL 896768, at *3 (N.D. Ill. Mar. 7, 2017) (collecting cases).

For all of these reasons, Plaintiff's complaint is dismissed. If Plaintiff wishes to proceed with this action, he must submit an amended complaint that is limited to a single, core claim (or

claims against a specific Defendant, or discrete group of related Defendants) that may be properly brought in this District. Any additional claims Plaintiff may wish to pursue must be brought in separate lawsuits each accompanied by a separate application for leave to proceed *in forma pauperis*. *See George*, 507 F.3d at 607. When preparing any amended complaint, Plaintiff should, as specified on the Court's form, provide a summary of the underlying facts that is as brief as possible. *See* Fed. R. Civ. P. 8(a)(2) (a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."). Any amended complaint must be signed and submitted on the Court's required form. *See* Fed. R. Civ. P. 11(a); Local Rule 81.1. Any amended complaint also must comport with Federal Rule of Civil Procedure 11, which provides that by signing a pleading, a party represents to the Court that his claims are warranted by existing law and that the factual contentions have evidentiary support or likely will have evidentiary support after further investigation. Fed. R. Civ. P. 11(b).

Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. Plaintiff must also provide a completed USM-285 (Marshals service) form for each Defendant named in the amended complaint. Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations must be set forth in the amended complaint without reference to the original complaint. Any exhibits Plaintiff wants the Court to consider in its threshold review of the amended complaint also must be attached. Plaintiff is advised to keep a copy for his files. The Clerk will provide Plaintiff with an amended civil rights complaint form, instructions, and a blank USM-285 form along with a copy of this order. If Plaintiff fails to comply by the above deadline, the case will be summarily dismissed.

### III.

"There is no right to court-appointed counsel in federal civil litigation," *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), but the Court has discretion to request that an attorney represent an indigent litigant on a volunteer basis under 28 U.S.C. § 1915(e)(1). "[A] district court faced with a request for counsel must ask two questions: '(1) [H]as the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Armstrong v. Krupiczowicz*, 874 F.3d 1004, 1008 (7th Cir. 2017) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc)); *see also Russell v. Bukowski*, 608 F. App'x 426, 428 (7th Cir. 2015) (holding that "before a district court is required to consider recruiting counsel to assist a litigant in a civil case, the litigant must make a reasonable attempt to secure counsel for himself").

The Court declines to recruit counsel at this time. Plaintiff says he contacted several law firms with no success. (Dkt. No. 4 at 1.) He should continue to seek pro bono (free of charge) legal assistance by writing attorneys, law firms, or organizations and describing his claims. Should he renew his motion at a later date, he must identify the attorneys or organizations he contacted and summarize the responses he received. In any event, it is too soon to tell if recruiting an attorney would be appropriate, as Plaintiff must decide how he wishes to proceed in light of the guidance provided in this order. He should read this order carefully, address his fee status, and focus on a single claim or group of related claims against properly joined Defendants,

as opposed to providing a list of every alleged wrong that has happened since his arrest. Accordingly, Plaintiff's motion for attorney representation is denied without prejudice.

Date:   May 4, 2018

_____
Andrea R. Wood
United States District Judge